■ In the Matter of JANIE HOLMES, Individually, and on Behalf of Her Infant Daughter, JAWANNA HOLMES, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated March 16, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's assistance under the Social Services Law. Determination annulled, on the law, without costs or disbursements, and matter remitted to the State commissioner for a new determination in accordance herewith. The petitioner and her child had been the recipients of public assistance in the sum of $353 monthly. The child's natural father died, leaving the proceeds of a life insurance policy to the child's aunt, who forwarded $1,000, which included those proceeds, to the petitioner to be held in trust for the child. A Totten trust was created by making a bank deposit

in a savings account in the name of the petitioner in trust for the child. Subsequently, the sum of $175 was withdrawn by the petitioner, ostensibly for Christmas presents. When the petitioner informed the respondent county commissioner, D'Elia, of the savings account, she was notified the following day that the grant of assistance would be discontinued. Thereafter the petitioner withdrew the funds on deposit and professedly returned them to the aunt. In discontinuing the grant, the respondents relied on section 104-a of the Social Security Law, which disqualifies a person from receiving public assistance in the event that the person has transferred property within one year from the date of the application, and those regulations requiring the use of resources so as to reduce the need for public assistance (18 NYCRR 352.11, 352.15, 352.23 [a]). The circumstances here establish, however, that the trust was created for the benefit of the child and it should have been regarded by the respondents in the light of its purpose. The respondents should have, accordingly, considered in the budgeting process the needs of the child, the income accruing in the account and the amount thereof (the principal and interest) which currently should be applied against the grant of assistance in furtherance of the child's best interests (18 NYCRR 352.22 [e]; cf. 18 NYCRR 352.26). Hence, it was improper for the respondents arbitrarily to have discontinued the whole of the grant, without taking into consideration the source and nature of the trust for the child. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.